## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02820-RPM

ESTATE OF JOHN THOMAS ROTZIN, *et al.*,

      Plaintiffs,

v.

DAVID C. WALCHER, *et al.*,

      Defendants.

---

### ANSWER OF THE ARAPAHOE COUNTY DEFENDANTS

---

Defendants Arapahoe County Sheriff David C. Walcher ("Sheriff"), Arapahoe County Deputy Sheriff James Wightman ("Deputy Wightman"), and Arapahoe County Deputy Sheriff Matt Howerton ("Deputy Howerton") (collectively, the "Arapahoe County Defendants"), by and through Deputy County Attorney Writer Mott, Senior Assistant County Attorney Erin Powers, and Assistant County Attorney Rebecca Taylor, hereby Answer Plaintiffs Second Amended Complaint and Jury Demand ("Complaint") [Doc. #45] as follows:

#### Introduction

1.    The Arapahoe County Defendants admit that Mr. Rotzin struggled with drug and alcohol addiction and was incarcerated periodically as alleged in paragraph 1 of the Complaint. The Arapahoe County Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

2.    The Arapahoe County Defendants deny the allegations contained in paragraph 2 of the Complaint.

### Jurisdiction and Venue

3.      In response to paragraph 3 of the Complaint, the Arapahoe County Defendants admit Plaintiffs purport to bring claims pursuant to 42 U.S.C. § 1983.  The Arapahoe County Defendants deny any constitutional or ADA violations occurred or that Plaintiffs are entitled to any relief.

4.      The Arapahoe County Defendants admit that jurisdiction with this Court is proper as alleged in paragraph 4 of the Complaint based on Plaintiffs' purported federal claims.  The Arapahoe County Defendants deny any constitutional or ADA violations occurred or that Plaintiffs are entitled to any relief.

5.      The Arapahoe County Defendants admit that venue is proper as alleged in paragraph 5 of the Complaint.  The Arapahoe County Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5 of the Complaint.

### Parties

6.      The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint, and therefore, deny those allegations.

7.      The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, and therefore, deny those allegations.

8.      The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of

the Complaint, and therefore, deny those allegations.

9.      The Arapahoe County Defendants admit that at all times relevant to the Complaint David Walcher was the Sheriff of Arapahoe County and was responsible for setting Sheriff's Office policy and management of the Sheriff's Office as alleged in paragraph 9 of the Complaint. The Arapahoe County Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10.      The Arapahoe County Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.      The Arapahoe County Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.      The Arapahoe County Defendants admit the allegations contained in paragraph 12 of the Complaint.

13.      The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint, and therefore, deny those allegations.

14.      The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint, and therefore, deny those allegations.

15.      The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, and therefore, deny those allegations.

16.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint, and therefore, deny those allegations.

## Factual Allegations

17.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint, and therefore, deny those allegations.

18.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and therefore, deny those allegations.

19.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, and therefore, deny those allegations.

20.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, and therefore, deny those allegations.

21.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, and therefore, deny those allegations.

22.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, and therefore, deny those allegations.

23.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, and therefore, deny those allegations.

24.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, and therefore, deny those allegations.

25.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, and therefore, deny those allegations.

26.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, and therefore, deny those allegations.

27.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint, and therefore, deny those allegations.

28.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint, and therefore, deny those allegations.

29.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint, and therefore, deny those allegations.

30.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint, and therefore, deny those allegations.

31.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint, and therefore, deny those allegations.

32.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint, and therefore, deny those allegations.

33.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint, and therefore, deny those allegations.

34.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint, and therefore, deny those allegations.

35.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint, and therefore, deny those allegations.

36.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, and therefore, deny those allegations.

37.     The Arapahoe County Defendants admit that Mr. Rotzin was incarcerated in the Colorado Department of Corrections as a result of his illegal drug use and was then placed after leaving the Department of Corrections in the Arapahoe Community Treatment Center as alleged in paragraph 37 of the Complaint.  The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 37 of the Complaint, and therefore, deny those allegations.

38.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint, and therefore, deny those allegations.

39.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint, and therefore, deny those allegations.

40.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint, and therefore, deny those allegations.

41.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint, and therefore, deny those allegations.

42.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint, and therefore, deny those allegations.

43.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint, and therefore, deny those allegations.

44.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint, and therefore, deny those allegations.

45.     The Arapahoe County Defendants admit that visitors are allowed to interact with residents at the ACTC and that the dayroom visiting area was located next to Mr. Rotzin's room as alleged in paragraph 45 of the Complaint.  The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 45 of the Complaint, and therefore, deny those allegations.

46.     The Arapahoe County Defendants deny the allegations in paragraph 46 of the Complaint.  The Arapahoe County Defendants affirmatively allege that as Mr. Rotzin walked out into the dayroom he punched a woman in the face who was there visiting a relative.

47.     The Arapahoe County Defendants admit Mr. Rotzin hit a female visitor of the ACTC in the face as alleged in paragraph 47 of the Complaint.  The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 47 of the Complaint, and therefore, deny those allegations.

48.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint, and therefore, deny those allegations.

49.     The Arapahoe County Defendants admit that Mr. Rotzin punched a second female visitor to the ACTC in the face and that the second visitor's husband then punched Mr. Rotzin in the face as alleged in paragraph 49 of the Complaint.  The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 49 of the Complaint, and therefore, deny those allegations.

50.     The Arapahoe County Defendants admit that Mr. Rotzin was knocked to the floor after being punched in the face by Brion Smith, that Mr. Rotzin continued to struggle with multiple residents of the ACTC, and that Mr. Rotzin punched Mr. Ortega in the face as alleged in paragraph 50 of the Complaint.  The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 50 of the Complaint, and therefore, deny those allegations.

51.     The Arapahoe County Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint, and therefore, deny those allegations.

52.     The Arapahoe County Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint, and therefore, deny those allegations.

53.     The Arapahoe County Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint, and therefore, deny those allegations.

54.     The Arapahoe County Defendants admit the allegations contained in the first sentence of paragraph 54 of the Complaint, but deny the allegations contained in the second sentence of paragraph 54.

55.     The Arapahoe County Defendants admit that Mr. Rotzin punched Mr. Edmonson and that Mr. Edmonson punched Mr. Rotzin as alleged in paragraph 55 of the Complaint.  The Arapahoe County Defendants deny the remaining allegations contained in paragraph 55 of the Complaint.

56.     The Arapahoe County Defendants admit that Mr. Rotzin returned to the dayroom where he continued to fight with multiple ACTC residents and employees as alleged in paragraph 56 of the Complaint.  The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 56 of the Complaint, and therefore, deny those allegations.

57.     The Arapahoe County Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     The Arapahoe County Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     The Arapahoe County Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     The Arapahoe County Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     The Arapahoe County Defendants admit that Mr. Rotzin stood up and started walking back towards the dayroom and back towards the individuals he had been fighting with

after being ordered to stand up by Deputy Wightman as alleged in paragraph 61 of the Complaint. The Arapahoe County Defendants deny the remaining allegations contained in paragraph 61 of the Complaint.

62.     The Arapahoe County Defendants admit that Deputy Wightman attempted to stop Mr. Rotzin from walking back into the dayroom and assaulting additional residents and visitors as alleged in paragraph 62 of the Complaint.  The Arapahoe County Defendants deny the remaining allegations contained in paragraph 62 of the Complaint.

63.     The Arapahoe County Defendants admit that Mr. Rotzin started to walk towards Deputy Wightman and ignored Deputy Wightman's orders as alleged in paragraph 63 of the Complaint.  The Arapahoe County Defendants deny the remaining allegations contained in paragraph 64 of the Complaint.

64.     The Arapahoe County Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     The Arapahoe County Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     The Arapahoe County Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     The Arapahoe County Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     The Arapahoe County Defendants admit that Officer Thomas arrived sometime after the third taser usage as alleged in paragraph 68 of the Complaint.  The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in paragraph 68 of the Complaint, and therefore, deny those allegations.

69.     The Arapahoe County Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     The Arapahoe County Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     The Arapahoe County Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     The Arapahoe County Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     The Arapahoe County Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     The Arapahoe County Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     The Arapahoe County Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint, and therefore, deny those allegations.

77.     The Arapahoe County Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     The Arapahoe County Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     The Arapahoe County Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     The Arapahoe County Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     The Arapahoe County Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     The Arapahoe County Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     The Arapahoe County Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint, and therefore, deny those allegations.

85.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Complaint, and therefore, deny those allegations.

86.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 86 of the Complaint, and therefore, deny those allegations.  The Arapahoe County Defendants deny the allegations contained in the second sentence of paragraph 86 of the

Complaint.

87.     The Arapahoe County Defendants admit that the paramedics administered Versed as alleged in paragraph 87 of the Complaint.  The Arapahoe County Defendants deny the remaining allegations contained in paragraph 87 of the Complaint.

88.     The Arapahoe County Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     The Arapahoe County Defendants admit the allegations contained in paragraph 89 of the Complaint.

90.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint, and therefore, deny those allegations.

91.     The Arapahoe County Defendants deny that Mr. Rotzin died in the hospital on November 24, 2014 as alleged in paragraph 91 of the Complaint as Mr. Rotzin was declared dead on November 22, 2014.  The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 91 of the Complaint, and therefore, deny those allegations.

92.     The Arapahoe County Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     The Arapahoe County Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     The Arapahoe County Defendants state that the Autopsy Report referenced in paragraph 94 of the Complaint is a document that speaks for itself and the Arapahoe County

Defendants deny the allegations to the extent they vary or misrepresent the text of the Autopsy Report.

95.     The Arapahoe County Defendants state that the Autopsy Report referenced in paragraph 95 of the Complaint is a document that speaks for itself and the Arapahoe County Defendants deny the allegations to the extent they vary or misrepresent the text of the Autopsy Report.

96.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96 of the Complaint, and therefore, deny those allegations.

97.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Complaint, and therefore, deny those allegations.

98.     The Arapahoe County Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     The Arapahoe County Defendants state that the Autopsy Report referenced in paragraph 99 of the Complaint is a document that speaks for itself and the Arapahoe County Defendants deny the allegations to the extent they vary or misrepresent the text of the Autopsy Report.

100.    The Arapahoe County Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    The Arapahoe County Defendants admit that some of the residents at the ACTC provided written statements as alleged in paragraph 101 of the Complaint.  The Arapahoe County

Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 101 of the Complaint, and therefore, deny those allegations.

102.    The written statements of various residents of the ACTC referenced in paragraph 102 of the Complaint are documents that speak for themselves and the Arapahoe County Defendants deny the allegations to the extent they vary or misrepresent the text of the written statements.  The Arapahoe County Defendants further deny that the statements accurately report what happened.

103.    The written statements of various residents of the ACTC referenced in paragraph 103 of the Complaint are documents that speak for themselves and the Arapahoe County Defendants deny the allegations to the extent they vary or misrepresent the text of the written statements.  The Arapahoe County Defendants further deny that the statements accurately report what happened.

104.    The written statements of various residents of the ACTC referenced in paragraph 104 of the Complaint are documents that speak for themselves and the Arapahoe County Defendants deny the allegations to the extent they vary or misrepresent the text of the written statements.  The Arapahoe County Defendants further deny that the statements accurately report what happened.

105.    The written statements of various residents of the ACTC referenced in paragraph 105 of the Complaint are documents that speak for themselves and the Arapahoe County Defendants deny the allegations to the extent they vary or misrepresent the text of the written

statements.  The Arapahoe County Defendants further deny that the statements accurately report what happened.

106.    The Arapahoe County Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    The Arapahoe County Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.    The Arapahoe County Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.    The Arapahoe County Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    The Arapahoe County Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    The Arapahoe County Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    The Arapahoe County Defendants deny the allegations contained in the first sentence of paragraph 112 of the Complaint.  The Arapahoe County Defendants affirmatively allege that there was no camera in the front hallway of the ACTC on the date of the incident and have provided documents to the Plaintiffs establishing that fact.  The Arapahoe County Defendants admit the allegations contained in the second sentence of paragraph 112 of the Complaint.

113.    The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Complaint, and therefore, deny those allegations.

114.    The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 114 of the Complaint, and therefore, deny those allegations.

115.    The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 of the Complaint, and therefore, deny those allegations.

116.    The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Complaint, and therefore, deny those allegations.

117.    The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 of the Complaint, and therefore, deny those allegations.

118.    The Arapahoe County Defendants admit that Lieutenants Palmer and Thompson were two of the three Lieutenants that completed a use of force review of the incident for the Arapahoe County Sheriff's Office and that Lieutenant Thompson completed that review on January 20, 2015 as alleged in paragraph 118 of the Complaint.  The Arapahoe County Defendants deny the remaining allegations contained in paragraph 118 of the Complaint.

119.    The Use of Force Review referenced in paragraph 119 of the Complaint is a document that speaks for itself and the Arapahoe County Defendants deny the allegations to the extent they vary or misrepresent the text of the Use of Force Review.

120.     The Use of Force Review referenced in paragraph 120 of the Complaint is a document that speaks for itself and the Arapahoe County Defendants deny the allegations to the extent they vary or misrepresent the text of the Use of Force Review.

121.     The Arapahoe County Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.     The Arapahoe County Defendants admit that the Arapahoe County District Attorney found that the officers and deputies who responded to Mr. Rotzin used appropriate levels of force and there was no basis for any criminal charges to be filed as alleged in paragraph 122 of the Complaint.  The Arapahoe County Defendants deny the remaining allegations contained in paragraph 122 of the Complaint.

123.     The Arapahoe County Defendants admit that no deputies were disciplined related to the incident involving Mr. Rotzin as alleged in paragraph 123 of the Complaint.  The Arapahoe County Defendants deny the remaining allegations contained in paragraph 123 of the Complaint.

124.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Complaint, and therefore, deny those allegations.

125.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the Complaint, and therefore, deny those allegations.

126.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of the Complaint, and therefore, deny those allegations.

127.    The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127 of the Complaint, and therefore, deny those allegations.

128.    The Arapahoe County Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    The Arapahoe County Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.    The Arapahoe County Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.    The Arapahoe County Defendants deny the allegations contained in paragraph 131 of the Complaint.

132.    The Arapahoe County Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.    The Arapahoe County Defendants deny the allegations contained in paragraph 133 of the Complaint.

134.    The Arapahoe County Defendants deny the allegations contained in paragraph 134 of the Complaint.

135.    The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 135 of the Complaint, and therefore, deny those allegations.

136.    The Arapahoe County Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.     The Arapahoe County Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.     The Arapahoe County Defendants deny the allegations contained in paragraph 138 of the Complaint.

139.     The Arapahoe County Defendants deny the allegations contained in paragraph 139 of the Complaint.

**First Claim for Relief**
**42 U.S.C. § 1983 – 4th Amendment Violation-Excessive Force**
**(Against Defendants Walcher, City of Sheridan, Wightman, Thomas, Howerton,**
**Valenzuela, Patterson, and Miller)**

140.     In response to paragraph 140 of the Complaint, the Arapahoe County Defendants incorporate their responses to paragraphs 1-139 as though fully restated herein.

141.     The Arapahoe County Defendants admit the allegations of paragraph 141 as to Deputies Wightman and Howerton and are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 141 of the Complaint and, therefore, deny the same.

142.     The allegations contained in paragraph 142 of the Complaint call for a legal conclusion to which no response is required.

143.     The allegations contained in paragraph 143 of the Complaint call for a legal conclusion to which no response is required.

144.     The Arapahoe County Defendants deny the allegations contained in paragraph 144 of the Complaint.

145.     The Arapahoe County Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.    The Arapahoe County Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.    The Arapahoe County Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.    The Arapahoe County Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.    The Arapahoe County Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    The Arapahoe County Defendants deny the allegations contained in paragraph 150 of the Complaint.

151.    The Arapahoe County Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.    The Arapahoe County Defendants deny the allegations contained in paragraph 152 of the Complaint.

153.    The Arapahoe County Defendants deny the allegations contained in paragraph 153 of the Complaint.

154.    The Arapahoe County Defendants deny the allegations contained in paragraph 154 of the Complaint.

155.    The Arapahoe County Defendants deny the allegations contained in paragraph 155 of the Complaint.

156.    The Arapahoe County Defendants deny the allegations contained in paragraph 156 of the Complaint.

**Second Claim for Relief**
**42 U.S.C. § 2132, et seq. – Violation of Americans with Disabilities Act**
**(Against Defendants Walcher and City of Sheridan)**

157.    In response to paragraph 157 of the Complaint, the Arapahoe County Defendants incorporate their responses to paragraphs 1-156 as though fully restated herein.

158.    The Arapahoe County Defendants deny the allegations contained in the first sentence of paragraph 158 of the Complaint.  The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 158 of the Complaint, and therefore, deny those allegations.

159.    The allegations contained in paragraph 159 of the Complaint call for a legal conclusion to which no response is required.

160.    The allegations contained in paragraph 160 of the Complaint call for a legal conclusion to which no response is required.

161.    The Arapahoe County Defendants deny the allegations contained in paragraph 161 of the Complaint.

162.    The Arapahoe County Defendants deny the allegations contained in paragraph 162 of the Complaint.

163.    The Arapahoe County Defendants deny the allegations contained in paragraph 163 of the Complaint.

164.    The Arapahoe County Defendants deny the allegations contained in paragraph 164 of the Complaint.

165.    The Arapahoe County Defendants deny the allegations contained in paragraph 165 of the Complaint.

166.     The Arapahoe County Defendants deny the allegations contained in paragraph 166 of the Complaint.

167.     The Arapahoe County Defendants deny the allegations contained in paragraph 167 of the Complaint.

168.     The Arapahoe County Defendants deny the allegations contained in paragraph 168 of the Complaint.

169.     The Arapahoe County Defendants deny the allegations contained in paragraph 169 of the Complaint.

170.     The Arapahoe County Defendants deny the allegations contained in paragraph 170 of the Complaint.

**Third Claim for Relief**
**29 U.S.C. § 701 – Violation of the Rehabilitation Act**
**(Against Defendants Walcher and the City of Sheridan)**

171.     In response to paragraph 171 of the Complaint, the Arapahoe County Defendants incorporate their responses to paragraphs 1-170 as though fully restated herein.

172.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 172 of the Complaint, and therefore, deny those allegations.

173.     The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 173 of the Complaint, and therefore, deny those allegations.

174.     The allegations contained in paragraph 174 of the Complaint call for a legal conclusion to which no response is required.

175.    The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 175 of the Complaint, and therefore, deny those allegations.

176.    The Arapahoe County Defendants deny the allegations contained in paragraph 176 of the Complaint.

177.    The Arapahoe County Defendants deny the allegations contained in paragraph 177 of the Complaint.

178.    The Arapahoe County Defendants deny the allegations contained in paragraph 178 of the Complaint.

179.    The Arapahoe County Defendants deny the allegations contained in paragraph 179 of the Complaint.

180.    The Arapahoe County Defendants deny the allegations contained in paragraph 180 of the Complaint.

**Fourth Claim for Relief**
**State Law Claim for Wrongful Death**
**(Against Defendants Wightman, Thomas, Howerton, Valenzuela, Patterson, and Miller)**

181.    In response to paragraph 181 of the Complaint, the Arapahoe County Defendants incorporate their responses to paragraphs 1-180 as though fully restated herein.

182.    The Arapahoe County Defendants deny the allegations contained in paragraph 182 of the Complaint.

183.    The Arapahoe County Defendants deny the allegations contained in paragraph 183 of the Complaint.

184.    The Arapahoe County Defendants deny the allegations contained in paragraph 184

of the Complaint.

185.    The Arapahoe County Defendants deny the allegations contained in paragraph 185 of the Complaint.

**Fifth Claim for Relief**
**Survival Action**
**(Against Defendants Wightman, Thomas, Howerton, Valenzuela, Patterson, and Miller)**

186.    In response to paragraph 186 of the Complaint, the Arapahoe County Defendants incorporate their responses to paragraphs 1-185 as though fully restated herein.

187.    The Arapahoe County Defendants are without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 187 of the Complaint, and therefore, deny those allegations.

188.    The Arapahoe County Defendants deny the allegations contained in paragraph 188 of the Complaint.

189.    The Arapahoe County Defendants deny all the allegations contained in the unnumbered "WHEREFORE" paragraph following paragraph 188 and affirmatively deny that Plaintiffs are entitled to any relief.

190.    In addition to the specific responses asserted above, the Arapahoe County Defendants deny each and every other allegation contained in the Complaint, except to the extent expressly and specifically admitted herein.

**Affirmative Defenses**

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.    All or part of Plaintiffs' claims do not rise to the level of constitutional violations sufficient to state a claim upon which relief may be granted against the Arapahoe County

Defendants.

3.      Plaintiffs' claims against Deputy Wightman and Deputy Howerton are barred by qualified immunity.  The conduct of each of the individual Arapahoe County Defendants was objectively reasonable, undertaken in good faith, and did not violate any clearly established law.

4.      Plaintiffs have failed to identify a policy, practice, or custom underlying the constitutional claim asserted against the Sheriff.

5.      The Sheriff cannot be held liable on grounds of respondeat superior or vicarious liability.

6.      Plaintiffs' damages, if any, were not proximately caused by the acts or omissions of the Arapahoe County Defendants.

7.      Plaintiffs' injuries and damages, if any, were incurred as a result of Mr. Rotzin's own conduct and not by reason of any tortious, unlawful, or unconstitutional conduct by the Arapahoe County Defendants.

8.      Plaintiffs' injuries, if any, were caused by Mr. Rotzin's own pre-existing medical conditions, not by any actions or omissions of the Arapahoe County Defendants.

9.      Plaintiffs' injuries and damages, if any, may have resulted from the acts of one or more persons over whom the Arapahoe County Defendants had no control or right to control.

10.      Plaintiffs failed to mitigate their damages, injuries, and losses.

11.      Plaintiffs are not legally entitled to punitive damages against the Sheriff under the Rehabilitation Act or Title II of the ADA.

12.      Some or all of Plaintiffs' claims against the Sheriff are barred by the applicable statute of limitations.

13.     The accommodations Mr. Rotzin was allegedly denied would impose an undue burden on the Sheriff and/or would pose a significant health or safety risk.

14.     At no time relevant here, did the Sheriff or any of its employees, intentionally, knowingly, or continuously discriminate against Mr. Rotzin.

15.     The Arapahoe County Defendants were exercising public duties as law enforcement officers pursuant to C.R.S. §§ 18-1-701 and were justified in any use of force pursuant to C.R.S. § 18-1-702, *et seq*.

16.     The Sheriff's policies were and are in conformance with established constitutional and statutory law.

17.     The Sheriff's training of its deputies regarding use of force meets or exceeds constitutional and statutory standards.

18.     Plaintiffs' claims for punitive damages against the Sheriff are barred.  *Smith v. Wade*, 461 U.S. 30, 36 n.5 (1983).

19.     The Arapahoe County Defendants are currently without knowledge of facts that would form the basis for further affirmative defenses regarding Plaintiffs' claims.  The Arapahoe County Defendants reserve the right to assert any such defenses should factual bases become known during discovery or otherwise.

### Jury Demand

The Arapahoe County Defendants demand a trial by jury pursuant to Fed. R. Civ. P. 38.

**WHEREFORE**, the Arapahoe County Defendants, having answered the allegations of Plaintiffs' Complaint, respectfully request that the Court dismiss Plaintiffs' Complaint and all claims asserted against them, with prejudice; enter judgment in the Arapahoe County Defendants'

favor and against Plaintiffs for attorney fees and costs; and to grant such other and further relief as the court deems just and proper.

Submitted this 23rd day of January 2018.

**Arapahoe County Attorney's Office**

By:___*s/ Writer Mott*_____
Writer Mott
Deputy County Attorney
Erin Powers
Sr. Assistant County Attorney
Rebecca Taylor
Assistant County Attorney
5334 S. Prince Street
Littleton, CO 80120-1136
Tele: 303-795-4639
E-mail: WMott@arapahoegov.com
　　　　　EPowers@arapahoegov.com
　　　　　RTaylor@arapahoegov.com

*Counsel for Defendants Walcher,*
*Wightman and Howerton*

**Certificate of Service**

This is to certify that on the 23rd day of January 2018, I electronically filed the foregoing **Answer of the Arapahoe County Defendants** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Darold W. Killmer
dkillmer@kln-law.com

Mari Newman
mnewman@kln-law.com

Andy McNulty
amcnulty@kln-law.com

Eric M. Ziporin
eziporin@sgrllc.com

Rachael M. Wachs
rwachs@sgrllc.com

*s/ Stacy Hines*
Stacy A. Hines, Paralegal
Arapahoe County Attorney's Office