IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02820-JLK-MEH

ESTATE OF JOHN THOMAS ROTZIN ,
MARY GILCHREST, and
ELENA FUNDUREANU,

      Plaintiffs,

v.

ARAPAHOE COUNTY, COLORADO, and
SHERIDAN, COLORADO,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

      The undersigned judicial officer presided over a settlement of the above-captioned case.  A settlement was reached on June 13, 2019.  Because one of the beneficiaries of the settlement is a minor child of the decedent John Thomas Rotzin, it is necessary and appropriate to determine whether the settlement is in the best interests of the minor.  Plaintiffs have filed their Motion for Approval of Settlement.  ECF 105.  Defendants do not oppose the relief sought.

      As noted below, I believe the settlement is a just and equitable outcome in this litigation.  However, under the Code of Conduct for United States Judges, it is not advisable for a judicial officer who has led a successful settlement conference to then preside over approval of the settlement (this normally occurs in a class action, which this case is not).  In an abundance of caution, I believe it is more appropriate for me to recommend to the United States District Judge assigned to this case to determine the appropriateness of the settlement.  For the following reasons,

I respectfully recommend that the Honorable John L. Kane grant the Motion for Approval of Settlement.

**I.      Federal Court Authority**

First, I find that it is appropriate for a federal court to approve a settlement in these circumstances. "Normally, parties to a civil dispute can reach a money settlement among themselves, bringing a case to an end without a court's approval or intervention." *Eagan by Keith v. Jackson*, 855 F. Supp. 765, 774 (E.D. Pa. 1994). However, federal "courts have a special duty . . . to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). The only circuit court to directly address the issue concluded that this duty arises from Fed. R. Civ. P. 17(c), which provides that a district court must "appoint a guardian ad litem-or issue another appropriate order-to protect a minor . . . who is unrepresented in an action." *Id.* (emphasis added). Other courts have found that such duty arises under state law and "the Court's inherent duty to protect the interests of minors . . . that come before it." *Eagan by Keith*, 855 F. Supp. at 775. As relevant here, the Colorado Rules of Probate Procedure, in conjunction with Colorado state law, require court "approval of the proposed settlement of claims on behalf of a minor[.]" *See* Colo. R. Prob. P. 62; Colo. Rev. Stat. § 15-14-401, *et seq*. A judicial determination from a federal court regarding the fairness of a settlement, when a minor is involved, is consistent with Colorado state law.

Although the Tenth Circuit has not squarely addressed this issue, other district courts in the circuit have found that federal courts have the jurisdiction, authority, and duty to consider whether a settlement agreement involving a minor child (based on a suit asserting federal claims, or those that fall within the court's diversity jurisdiction) is fair and in the best interests of the child. For

example, in *Buchannan for T.B. v. Diversified Consultants, Inc.*, No. 12-cv-02410-REB-KMT, 2014 WL 3907834 (D. Colo. May 8, 2014), the court held that it was appropriate to determine whether a settlement was fair and reasonable to a minor child in a case alleging violation of the Fair Debt Collections Act.  In doing so, the court relied on *Robidoux* and Rule 17(c), stating that "[i]n the context of proposed settlements in suits involving minor plaintiffs, [] special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* at *2 (quoting *Robidoux*, 638 F.3d 1177 at 2011). The court also noted that it had duty to determine the fairness of the settlement, because "the Settlement Agreement include[d] a provision requiring court approval of the settlement." *Id.*[1]  *See also*, *e.g.*, *S.S. v. Napolitano*, No. 18-2491-ADM, 2020 WL 489526, at *4 (D. Kan. Jan. 30, 2020); *T.Y. v. Shawnee Mission Sch. Dist.*, No. 17-2589-DDC-GEB, 2020 WL 59649, at *3 (D. Kan. Jan. 6, 2020); *Fulson v. NPC Quality Burgers, Inc.*, No. 18-2391-DDC-KGG, 2019 WL 1790051, at *3-4 (D. Kan. Apr. 24, 2019); *Hickok v. Buzan*, No. 15-cv-1020 MV/SMV, 2016 WL 9818325, at *1-2 (D.N.M. Nov. 30, 2016); *Burleson v. Cooper Tire & Rubber Co.*, No. 13-cv-138 KG/GBW, 2015 WL 12852967, at *1-2 (D.N.M. Mar. 3, 2015).  Included in cases so holding are those that reached such a conclusion when the minor child's underlying claims emanated from federal civil rights laws. *E.g.*, *Breiner v. Bd. of Cty. Comm'rs*, No. 18-CV-01162-EFM-TJJ, 2019 WL 3034789, at *1-2 (D. Kan. July 11, 2019) (Section 1983); *Fulson, id.*; *Trujillo v. Bd. of Educ. of Cuba Indep. Sch. Dist.*, No. 1:14-cv-00435 JCH/SCY, 2015 U.S. Dist. LEXIS 192398, at *1-7 (D.N.M. June 11, 2015) (IDEA).

---

[1] The settlement agreement in the present case also requires approval by a court.  Full and Final Release and Settlement Agreement ¶¶ 1, 8, ECF 105-4.

## II.  Appropriateness of the Current Settlement

I recommend that Judge Kane find the proposed settlement is "fair and reasonable" because:

(1)  A bona fide disputes existed between the parties. This was a very difficult case factually for the Plaintiff. Police officers responded to a mental health treatment center after Mr. Rotzin assaulted several persons there. As Plaintiffs note in their motion, Mr. Rotzin was "in the throes of a mental health crisis." Motion at 2. Officers tased Mr. Rotzin, used pain compliance techniques to subdue him once on the ground, held him down with force, and placed him in handcuffs and into an ambulance. He was administered Versed in the ambulance and, one minute later, experienced a cardiac event that ultimately resulted in his death. As I reviewed the evidence, I believed it was certainly possible that a jury could find Plaintiff died from the psychotic event, elevated vitals, and administration of Versed. The amount of the settlement, $775,000.00, represents a reasonable compromise given the issues in the case. As a side note, the undersigned has negotiated approximately 1,300 total settlements as a judicial officer, including approximately 130 civil rights cases (with a success rate in those cases of approximately 95%).

(2)  I believe that the settlement includes a "reasonable" award of attorney's fees, 40% of the total settlement. As noted by the motion and attachments, (1) the case demanded a great deal of time and labor; (2) many of the legal and factual questions in the case were difficult; (3) the case required a specialized understanding of civil rights law and a capacity to fund expensive discovery against two law enforcement agencies; (4) Plaintiffs' counsel worked on a contingency, thus taking the risk that they would obtain no payment for 1,700 hundred hours of work if the case was not resolved successfully; (5) Plaintiffs' counsel has substantial experience and strong reputations as civil rights attorneys; and (6) the case was undesirable in that it was taken on contingency and

intensely litigated for almost three years. As noted, all of this was accomplished without the assistance of the mother of the child who stands to receive nearly $100,000.00 from the settlement. I believe the disbursements of the proceeds of settlement as outlined in the motion are appropriate and customary for this type of case.

Accordingly, this Court respectfully RECOMMENDS that Senior Judge Kane **grant** Plaintiffs' Motion for Approval of Settlement, ECF 105, and that Judge Kane find that the settlement is fair and reasonable.

Respectfully submitted this 24th day of March, 2020, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge